**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SHEAFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-03899 |
| | ) | |
| GLENDALE NISSAN, INC. | ) | Honorable Sara L. Ellis |
| | ) | |
| Defendant. | ) | |

**PARTIES' SECOND JOINT MOTION FOR RULING ON**
**DISPUTED STATEMENTS OF MATERIAL FACT FOR**
**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Glendale Nissan, Inc. ("Defendant") and Plaintiff Robert Sheaffer ("Plaintiff"), by and through their undersigned attorneys, pursuant to the Court's standing order on summary judgment practice, hereby move for a ruling on nine (9) disputed statements of material fact set forth in the Parties' Joint Statement of Undisputed Material Facts. In support of this motion, the Parties state as follows:

1. This is the Parties' second motion regarding a disagreement over the "undisputed facts" that will be offered in connection with Defendant's soon-to-be-filed motion for partial summary judgment as to Plaintiff's Title VII Hostile Work Environment claim, in which Plaintiff alleges same-sex sexual harassment.

2. As set forth in the Parties' first motion, Plaintiff refused to agree to several facts proposed by Defendant that were directly supported by Plaintiff's deposition testimony. (Dkt. No. 65). On February 18, 2021, this Court ruled that those facts were indeed undisputed and could be included in the Parties' Joint Statement. (Dkt. No. 69).

1

3.      During the hearing, counsel for Plaintiff requested and was granted an additional seven days to provide Defendant with additional proposed statements of fact for inclusion in the Parties' Joint Statement of Undisputed Material Facts.  Plaintiff has now provided 21 additional statements of fact. (*See* Exhibit A, redline showing Plaintiff's proposed additions.)  Defendant responded with objections and proposed revisions to some but not all of Plaintiff's proposed statements of facts. (*See* Exhibit B, Email from E. Pall to E. Hollander, and Exhibit C, redline of proposed revisions to Plaintiff's additional facts.)

4.      Counsel for Plaintiff provided a response to Defendant's comments (*see* Exhibit D, Email from E. Hollander to E. Pall) and the parties subsequently had a telephone conference regarding the disputed statements of material fact. The parties have not been able to reach a resolution with respect to nine (9) of the statements of fact.

5.      As set forth in more detail below, the disputed statements of material facts are paragraphs 15, 21, 27, 28, 29, 31, 32, 38 and 41 of Plaintiff's proposed draft (set forth in Exhibit A hereto.)

**Paragraph 15**

> 15.      Sheaffer did not take this conduct as funny as he was molested by a priest as a child. ([Sheaffer Dep.], 136:21-24.)[1]

6.      **Defendant's Position**:  Defendant has proposed omitting the second clause of the sentence ("as he was molested by a priest as a child") because Plaintiff's alleged abuse as a child is not "undisputed," nor is it a material fact relevant to Plaintiff's allegations of sexual harassment against his employer decades later. Importantly, Plaintiff did not testify that he told anyone at Glendale Nissan about this alleged abuse. Further, although Plaintiff argues that his alleged abuse

---

[1] Pages 136:21-137 have been designated as confidential by Plaintiff and are thus redacted in the attached Exhibit E, containing excerpts of Plaintiff's deposition testimony.

is relevant to his subjective belief that the alleged harassment was severe and pervasive, counsel for Defendant has been unable to find (and Plaintiff has not provided) any case law supporting the proposition that the circumstances of a plaintiff's past are relevant or admissible with respect to the question of whether harassment was subjectively severe or pervasive. On the contrary, the type of evidence relevant to a plaintiff's subjective perception that a work environment was hostile is how the plaintiff *reacted* to the alleged harassment, such as the fact that a plaintiff complained about the alleged harassment or sought treatment from a psychologist. *See e.g. Quantock v. Shared Mktg. Servs.*, 312 F.3d 899, 904 (7th Cir. 2002). The statement should further be excluded because of its minimal probative value and highly prejudicial effect. *Weit v. Continental Ill. Nat'l Bank & Trust Co.,* 641 F.2d 457, 466-67 (7th Cir. 1981) (affirming district court's decision to exclude evidence from consideration on defendant's motion for summary judgment because of the "minimal probative value" of the evidence compared to its "inevitable prejudicial effect").

7.    **Plaintiff's Position**:  In Defendant's November 15, 2021 letter, Defendant stated that part of its basis for moving for summary judgment is that the alleged sexual harassment was not severe or pervasive.  Plaintiff's position is whether the harassment is pervasive is evaluated both on an objective and subjective basis.  The fact that Mr. Sheaffer was allegedly molested by a member of the clergy would clearly be relevant for severity, evaluated on a subjective basis.  Relevance is also not a proper objection per the Court's standing Order.

***Paragraph 21***

> 21.    …Within 24 hours Sheaffer complained to Zubek, Rebecca (the BDC Manager) and Keith Narozny about it. ([Sheaffer Dep.], 199:9-24, 202:1-7). Once Sheaffer complained, then that became a joke. ([Sheaffer Dep.], 188:13-14.)

8.    **Defendant's Position.** Defendant proposes striking the reference to Rebecca the BDC manager and using Plaintiff's precise testimony. This fact relates to Plaintiff's allegation that Glendale Nissan employee Pete Binner put a picture of two men having sex on the Plaintiff's computer. (*See* Exhibit A, ¶ 17.) Plaintiff's testimony is clear that he only complained to Mario Zubek about this alleged incident and that he "believes" he told Keith Narozny about it as well. He did not testify that he told "Rebecca the BDC Manager" about this alleged incident. Specifically, Plaintiff testified as follows:

> Q.    Did you ever make a complaint about Mr. Binner putting the picture on
> your computer?
> A.    Yes.
> Q.    Who did you complain to?
> A.    I went to Mario. And, again, that became a joke.
> Q.    Did you complain to anyone other than Mario?
> A.    I believe I told Keith about it.
> Q.    Anyone else?
> A.    That's it.

(Exhibit E, Excerpts of Plaintiff's Deposition, pp. 188:8-19.)

Accordingly, Defendant proposes that the statements of fact read as follows:

"Plaintiff testified that he complained to Mario Zubek about this alleged incident right after it happened and further testified 'I believe I told Keith [Narozny] about it.'" ([Sheaffer Dep.], 188:9-19.)"

"Plaintiff testified that, in response, Mario 'laughed at it, thought it was a joke.' ([Sheaffer Dep.], 189:6-7)."

(Exhibit C, ¶¶ 18-19.)

The citations provided by Plaintiff, in the original draft and below, simply do not relate to this alleged incident of Mr. Binner putting a photo on Plaintiff's computer.

9.    **Plaintiff's Position:** In order to provide proper clarity, I would broaden the citations to 201:19-24, 202:1-7. The relevant passage from Mr. Sheaffer's deposition provides as follows:

     A.      That's my recollection.
     Q.      Thank you.  And Rebecca was present for one of those conversations but you're not sure which?
     A.      I believe it was the first one with Dave.
     Q.      Okay.  Thank you.  And how soon after Mr. Binner's alleged comments did you have these conversations with Dave and Dan and Rebecca?
     A.      That day or –again, if Dan wasn't there that day, it would have been the next day.
     Q.      Okay.  So within 24 hours?
     A.      Within 24 hours.

(Exhibit E, pp. 201-202.)

**Paragraph 27**

> 27.    Sheaffer did not think that any of the alleged sexual harassment was funny and, when was questioned about it at his deposition, was so upset that he required a break. ([Sheaffer Dep.] 137:3-13.)

10.    **Defendant's Position:** Defendant has proposed omitting the second clause of the sentence ("and, when was questioned about it at his deposition, was so upset that he required a break") because there is no basis to characterize Plaintiff's emotion at his deposition, Defendant disputes that Plaintiff was "so upset that he required a break" at the deposition, and Plaintiff's state of mind at his deposition is not relevant to whether the alleged harassment was severe and pervasive. Moreover, as with Plaintiff's proposed paragraph 15, this "fact" about Plaintiff's alleged emotional state at his deposition is far more prejudicial than probative. *See Weit,* 641 F.2d at 466-67.

11.    **Plaintiff's Position:** In Defendant's November 15, 2021 letter, Defendant states that part of its basis for moving for summary judgment is that the alleged sexual harassment was not severe or pervasive.  Whether the harassment is pervasive is evaluated on an objective and subjective basis.  The fact that Mr. Sheaffer was disturbed in his deposition recounting the events at hand would clearly be relevant for severity.  Relevance is also not a proper objection per the Court's standing Order.  Plaintiff also believes that Defendant's position that the proffered fact

should not be admissible because the prejudicial effect would be outweighed by it probative value should be rejected as that is not in the spirit of the Court's standing Order for summary judgment.

***Paragraphs 28***

> 28.     Sheaffer had complained to management, including Zubek, Binner, Keith Narozny, Dan Gutierrez, Jim Urso and other sale manager that "they've gone too far and don't do that." ([Sheaffer Dep.], 157:7-8, 14-15; 177:6; 178:11-22; 179:15-18; 180:1-19).

12.     **Defendant's Position:** The above testimony does not relate to Plaintiff's claims of sexual harassment. Beginning at page 150, line 22 of Plaintiff's deposition, Plaintiff was asked about "locker room banter amongst employees, maybe calling someone a name or anything like that." (Exhibit E, pp. 150:22-151:1.) Plaintiff responded by discussing instances of such banter and joking around, including a manager drawing a picture of an employee who was wearing a purple sweater as "Barney the Dinosaur" and superimposing a photo of Plaintiff's head on a photo of people wrestling, apparently meant to poke fun at him fighting with a salesperson. (Exhibit E, pp. 151:9-152:20.) The testimony Plaintiff cites at pages 157 in his proposed paragraph 28 relates to these jokes, not any alleged sexual harassment. Plaintiff's proposed fact is thus misleading, as it makes it seem as though Plaintiff complained to all of the individuals listed regarding sexual harassment, which was not Plaintiff's testimony.

The testimony Plaintiff cites to at pages 177-180 does relate to complaints about alleged comments made by Mario Zubek about "blow jobs," but Plaintiff's summary of the complaints mischaracterizes his testimony, which was as follows:

Q.     With respect to the incidents that you alleged wherein Mario Zubek told you that he would give you a blow job, did you ever complain to anyone at Glendale Nissan –
A.     Yes.
Q.     – about that conduct?
A.     Yes.
Q.     Who?
A.     Keith.

Q.     Anyone else?
A.     No. Probably Dave but, I mean he works with me.
Q.     Dave Martin?
A.     Yes, ma'am.
Q.     Anyone else?
A.     Dan Gutierrez.
Q.     Anyone else?
A.     I don't know if Linda was there or the previous office manager was there. Whoever was the office manager at the time, I'm not quite sure which one it was.
Q.     Anyone else?
A.     That's it.
Q.     And Dave Martin and Dan Gutierrez were people that worked for you ---
A.     Yes, ma'am.

(Exhibit E, pp. 178:7-179:8.)

Accordingly, Defendant proposes that that the statement of fact read as follows:

"Plaintiff testified that he complained about Mario Zubek's alleged comments related to 'blow jobs' to Keith Narozny. He further testified that he probably told his subordinates Dave Martin and Dan Gutierrez, and he could not recall whether the office manager was also present. ([Sheaffer Dep.], 178:7-179:5.)"

13.     **Plaintiff's Position:** Defendant's objections and position set forth in ¶ 12 above are unfounded.  The questions posed by Defendant at the deposition that immediately preceded the page citation to 157 were questions clearly based upon sexual harassment.  Specifically, Ms. Pall posed the following questions and the Plaintiff gave the following answers at his deposition:

Q.      Do you think that Mr. Zubek's alleged harassment of you was motivated by a sexual desire towards you?
A.     I don't know what his situation was.  It just was an uncomfortable situation and I did not enjoy it at all.
Q.     Do you think that Mr. Binner's alleged harassment of you was motivated by a sexual desire for you?
A.     Again, I don't know what Mr. Binner was thinking.  I just—it's not acceptable behavior.
Q.     Do you think that Mr. Zubek's alleged harassment of you was motivated by a general hostility towards men in the workplace?
A.     I don't know what his – I don't believe he had a general hostility towards men at the workplace.

(Exhibit E, pp. 149-150.)

7

While defense counsel questioned Plaintiff about "locker room banter", and Mr. Sheaffer did respond to a potential ageist gesture, the Plaintiff responded overwhelmingly about sex based conduct. Defense counsel did not limit Plaintiff's responses at the deposition concerning complaints as to whether they were because of age or sex. Thus, Defendant's proposed alternative statement is too specific and does not properly contextualize Plaintiff's protected activity.

***Paragraph 29***

> 29.      Notwithstanding his complaints, when Arben Halipaj became a sales manager, the "jokes" even escalated further.  ([Sheaffer Dep.], 157:22-23).  Sheaffer complained to Halipaj that his "jokes" went too far as well.  ([*Id.*,] 160:1.)

14.      **Defendant's Position:** As with Plaintiff's proposed paragraph 28, the above testimony does not relate to Plaintiff's claims of sexual harassment. In the portion of the transcript cited by Plaintiff, he testified that sales person Arben Halipaj "intimidated" other employees and prevented another employee from receiving a bonus, which he thought was funny. (Exhibit E, 158:4-159:22.) Plaintiff's proposed fact is misleading, as it makes it seem as though Arben Halipaj was making jokes of a sexual nature and that Plaintiff made a complaint about the jokes.

15.      **Plaintiff's Position:** The questions posed by Defendant at the deposition in that passage were not specific enough to limit the responses to complaints about age related remarks. Plaintiff also incorporates by reference his position set forth in ¶ 13 above.

***Paragraph 31***

> 31.      In total, between comments about his age and sexual related remarks, Sheaffer complained between 10 and 20 times. ([Sheaffer Dep.], 235:1-16.)

16.      **Defendant's Position:** The above testimony regarding 10-20 complaints related solely to Plaintiff's allegations regarding age discrimination. Beginning on page 213 of Plaintiff's deposition, he discusses various comments allegedly made to him that he felt constituted age

discrimination. When asked if he made complaints about the age-related comments, Plaintiff testified that he made 10-20 complaints. (Exhibit E, p. 233:6-235:7.)

17.     **Plaintiff's Position:** While the questions posed to Mr. Sheaffer prior to the cited passage at 235, 1:16, were based upon age discrimination, the question asked of Mr. Sheaffer about complaints was not limited to age discrimination.

### Paragraphs 32 and 41

> 32.     Zubek understood that sexual harassment could constitute comments of a sexual nature. ([Zubek Dep.], 29:13-16)…
>
> 41.     Zubek understood that in January through March 2018, it was unlawful to terminate someone because they complained about sexual harassment. ([Zubek Dep.], 51:21-24, 52:3)…

18.     **Defendant's Position:** These "facts" are inadmissible legal conclusions regarding what constitutes illegal sexual harassment under Title VII and cannot be considered on a motion for summary judgment. *See e.g. United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010) ("summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact"); *Sexton v. Cotton*, No. 6-cv-4225, 2008 U.S. Dist. LEXIS 89762, *6 (N.D. Ill. Nov. 5, 2008) ("any statements or responses that contain legal conclusions…will not be considered by the Court in ruling on Defendants' motions for summary judgment").

19.     **Plaintiff's Position:** This objection is not permitted in the spirit of the Court's standing Order.  Further, these facts and evidence are not being proffered to establish whether the conduct violated Title VII; rather, it is relevant and admissible for the harasser's state of mind and whether he knew that his conduct violated the employer's workplace policies set forth in the employee handbook.

*Paragraph 38*

> 38.     Plaintiff testified that he did not know what Zubek and Binner's motivation was for what they were doing to him. ([Sheaffer Dep.], 149:18-20.)

20.     **Defendant's Position:**  Plaintiff's testimony at page 149, lines 18-20 is: "I don't know what his – what his situation was. It was just an uncomfortable situation and I did not enjoy it at all."  (Exhibit E, 149:18-20.) This testimony does not support the proposed fact that "Plaintiff testified that he did not know what Zubek and Binner's motivation was for what they were doing to him." As an initial matter, Plaintiff is only talking about Mario Zubek in that testimony. Second, Plaintiff testified he did not know what Zubek's "situation" was, but he did not say that he did not know what his "motivation" was. Defendant proposes uses Plaintiff's precise testimony, i.e. that he did not know what Zubek's situation was.

21.     **Plaintiff's Position:** As set forth in ¶ 13 above**,** I would broaden the citations to 149: 18-24, 150: 1-2.  Clearly, Plaintiff's deposition testimony, taken in its entirety in this passage, rebut's Defendant's argument that the sexual harassment was not "because of sex."

22.     Finally, as Defendant's Motion for Summary Judgement is currently due on March 12, 2021 (Dkt. No. 69), Defendant respectfully requests an extension of time to file its Motion for Summary Judgment until fourteen (14) days after the Court has ruled on this Motion.  Plaintiff does not object to Defendant's request.

WHEREFORE, pursuant to the Court's standing order on summary judgment practice, the Parties respectfully request that the Court rule on the above disputed statements of material fact, grant Defendant an additional fourteen (14) days after the Court's ruling to file its motion for summary judgment, and grant such further relief as it deems just and equitable.

Dated: March 8, 2021                    Respectfully submitted,

Plaintiff ROBERT SHEAFFER          Defendant GLENDALE NISSAN, INC.

By: /s/ _Eugene K. Hollander_____          By: /s/ Elizabeth M. Pall_____
Eugene K. Hollander                                Ira M. Levin
Paul W. Ryan                                       Elizabeth M. Pall
The Law Offices of Eugene K. Hollander            Burke, Warren, MacKay & Serritella, P.C.
230 West Monroe, Suite 1900                        330 N. Wabash Ave., Suite 2100
Chicago, Illinois 60606                            Chicago, IL 60611
312.425.9100                                       312.840.7000
*ehollander@ekhlaw.com*                            *ilevin@burkelaw.com*
*pryan@ekhlaw.com*                                 *epall@burkelaw.com*