**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SHEAFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-03899 |
| | ) | |
| GLENDALE NISSAN, INC. | ) | Honorable Sara L. Ellis |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S TITLE VII
HOSTILE WORK ENVIRONMENT CLAIM**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

SUMMARY JUDGMENT STANDARD ................................................................................. 2

ARGUMENT .............................................................................................................................. 3

    I.    PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS AS A MATTER OF LAW BECAUSE THE ALLEGED HARASSMENT WAS NEITHER BASED ON PLAINTIFF'S GENDER NOR SEVERE OR PERVASIVE............................................ 3

        A.  Plaintiff Cannot Establish That He Was Harassed "Because Of" His Gender. ............ 4

            i.  Plaintiff Cannot Prevail Under the First *Oncale* Method Because He Was Not Subjected to Explicit or Implicit Proposals of Sexual Activity and He Has Not Adduced Credible Evidence that His Alleged Harassers Were Homosexual......... 5

           ii.  Plaintiff Cannot Prevail Under the Second *Oncale* Method Because He Admitted that Zubek and Binner Did Not Have a General Hostility to the Presence of Men in the Workplace ..................................................................................................... 8

          iii.  Plaintiff Cannot Prevail Under the Third *Oncale* Method Because Glendale Nissan Was Not a "Mixed-Sex" Workplace and Plaintiff Has Not Offered Direct Comparative Evidence Showing That Women Were Treated Better Than Men.... 8

                a.  Glendale Nissan Was Not a Mixed Sex Workplace ........................................ 9

                b.  Even if Glendale Nissan Was a Mixed Sex Workplace, Plaintiff Has Failed to Offer Any Direct Comparative Evidence That Women Were Treated More Favorably Than Men ....................................................................................... 10

        B.  The Alleged Harassment Was Neither Severe Nor Pervasive .................................... 11

CONCLUSION........................................................................................................................... 13

# **TABLE OF AUTHORITIES**

## Cases

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) .............................................................. 2, 3

*Berry v. Chicago Transit Authority*, 618 F.3d 688 (7th Cir. 2010) ............................................. 13

*Brown v. Advocate S. Suburban Hosp. & Advocate Health & Hosps. Corp.,* 700 F.3d 1101 (7th Cir. 2012) ................................................................................................................................ 11

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................. 2

*Eli Lilly & Co. v. Viking Corp.,* No. 03 C 1674, 2005 U.S. Dist. LEXIS 44033 (S.D. Ind. Feb. 7, 2005) ......................................................................................................................................... 2

*Faragher v. Boca Raton,* 524 U.S. 775 (1998) ................................................................. 1, 11, 12

*Johnson v. Hondo,* 125 F.3d 408 (7th Cir. 1997) ................................................................. passim

*Lord v. High Voltage Software, Inc.*, 839 F.3d 556 (7th Cir. 2016) .......................................... 4, 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .................................... 3

*McCown v. St. John's Health Sys.*, 349 F.3d 540 (8th Cir. 2003) ............................................... 10

*Moser v. Indiana Dep't of Corr.,* 406 F.3d 895 (7th Cir. 2005) .................................................. 12

*Oncale v. Sundowner Offshore Servs.,* 523 U.S. 75 (1998) .................................................. passim

*Romaniszak-Sanchez v. Int'l Union of Operating Eng'rs, Local 150*, 121 F. App'x 140 (7th Cir. 2005) ......................................................................................................................................... 1

*Scruggs v. Garst Seed Co.*, 587 F.3d 832 (7th Cir. 2009). ............................................................ 3

*Shafer v. Kal Kan Foods, Inc.*, 417 F.3d 663 (7th Cir. 2005) ................................................ 11, 12

*Shanklin Corp. v. American Packaging Mach., Inc.*, No. 95 C 1617, 2006 U.S. Dist. LEXIS 12419 (N.D. Ill. Mar. 21, 2006) ................................................................................................. 2

*Shearrow v. Easton Enters.*, No. 11 C 50050, 2013 U.S. Dist. LEXIS 207926 (N.D. Ill. July 19, 2013) ............................................................................................................................... 6, 7, 10

*Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672 (7th Cir. 2008). ..................................... 3

*Walton v. Van Ru Credit Corp.*, No. 10-344, 2011 U.S. Dist. LEXIS 138560 (N.D. Ill. Dec. 2, 2011) ................................................................................................................................. 12, 13

*Warner v. USF Holland Inc.*, No. 08-C-6823, 2012 U.S. Dist. LEXIS 8717 (N.D. Ill. Jan 25, 2012) ......................................................................................................................................... 9

## Statutes

Fed. R. Civ. P. 56(a). .................................................................................................................... 2

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ........................................... 1

**INTRODUCTION**

It is well-established that Title VII was not intended to operate as a "general civility code" nor "impose a legal duty to purify the language of the workplace of profanity." *Faragher v. Boca Raton,* 524 U.S. 775, 778 (1998); *Romaniszak-Sanchez v. Int'l Union of Operating Eng'rs, Local 150*, 121 F. App'x 140, 145 (7th Cir. 2005). Rather, Title VII is violated "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Oncale v. Sundowner Offshore Servs.,* 523 U.S. 75, 78 (1998). Plaintiff Robert Sheaffer has failed to establish such a violation.

Plaintiff, the former director of Glendale Nissan's finance department, alleges that he was subjected to sexual harassment by two male employees, Mario Zubek and Pete Binner, for a period of two-and-a-half months in 2018. The total sum of the claimed harassment consisted of several alleged sexual comments to Plaintiff and his co-workers purportedly showing Plaintiff a sexually explicit photograph and drawing.

Plaintiff's hostile work environment claim fails for two reasons. First, Plaintiff cannot establish that the alleged same-sex sexual harassment occurred "because of" his sex. Plaintiff does not allege that Zubek or Binner's conduct was motivated by sexual attraction toward Plaintiff, nor a general hostility toward men in the workplace. Moreover, Plaintiff has not offered direct comparative evidence that female employees were treated better than male employees (nor could he as Glendale Nissan was not a "mixed-sex" workplace.)

Second, Plaintiff has failed to establish that his alleged harassment was either severe or pervasive. Instead, the isolated and short-lived conduct described by Plaintiff is precisely the type

1

of "horseplay" and "juvenile behavior" the Seventh Circuit Court of Appeals has held is not actionable under Title VII.

Accordingly, this Court should enter judgment in favor of Defendant on Count III of Plaintiff's Complaint.

## SUMMARY JUDGMENT STANDARD

Summary judgment allows courts and parties to avoid "the unnecessary trial of claims for which there are no genuine disputes of material fact, and thus no reason to incur the time and expense of a trial." *Shanklin Corp. v. American Packaging Mach., Inc.*, No. 95 C 1617, 2006 U.S. Dist. LEXIS 12419, *5 (N.D. Ill. Mar. 21, 2006). "Moreover, Rule 56 does not make summary judgment an all or nothing proposition: the rule permits the entry of judgment for a claimant on 'any part' of that party's claim." *Id.* at *5-6. A motion for partial summary judgment is a "useful pretrial tool that streamlines the litigation process by narrowing the triable issues." *Eli Lilly & Co. v. Viking Corp.,* No. 03 C 1674, 2005 U.S. Dist. LEXIS 44033, *9-10 (S.D. Ind. Feb. 7, 2005); *Shanklin*, 2006 U.S. Dist. LEXIS 12419, at *6 (motions for partial summary judgment can streamline litigation).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). To successfully oppose a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonable find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## ARGUMENT

### I. PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS AS A MATTER OF LAW BECAUSE THE ALLEGED HARASSMENT WAS NEITHER BASED ON PLAINTIFF'S GENDER NOR SEVERE OR PERVASIVE

To survive summary judgment on a hostile work environment claim, a plaintiff must establish all of the following: "(1) [his] work environment was both objectively and subjectively offensive; (2) the harassment complained of was based on [his] gender; (3) the conduct was either severe or pervasive; and (4) there is a basis for employer liability." *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009). Plaintiff cannot, as a matter of law, establish the second or third prong.

Plaintiff alleges that between January and mid-March of 2018, he was subjected to the following instances of alleged sexual harassment: (1) General Sales Manager Mario Zubek made comments to Plaintiff that he would give Plaintiff a "blow job" if Plaintiff helped him with work-related tasks; (2) on one occasion, Zubek showed Plaintiff a notebook in which Zubek had drawn penises, referring to a television program in which a character had done something similar; (3) on one occasion, Sales Manager Pete Binner put a photo of two men having sex on Plaintiff's

computer; and (4) on one occasion, Binner made a comment to Plaintiff, in the midst of a work-related conversation, that he would perform anal sex on Plaintiff. (SOF, ¶¶ 11, 13, 15, 19.)

Plaintiff testified that Zubek and Binner laughed about each of these instances. (SOF, ¶¶ 13, 16, 20.) Indeed, Plaintiff testified that "everything was a joke" to Zubek and Binner and that both individuals "joked around with everybody." (SOF, ¶¶ 23, 24.)

Plaintiff further testified that he is heterosexual, a fact known to his co-workers because Plaintiff's girlfriend frequently visited him at the dealership. (SOF, ¶ 25.) While Plaintiff had "suspicions" that Zubek and another male employee may have had a romantic relationship, his suspicions were based solely on the fact that Zubek and the other employee spent time together, including playing paintball, go karting, and bicycling. (SOF, ¶ 27.) Moreover, Plaintiff acknowledged that Zubek and Binner were both married to women. (SOF, ¶ 26.) Importantly, Plaintiff did not testify that Zubek and Binner's alleged comments to him were motivated by sexual attraction, and further testified that he did not believe the alleged harassment was based on a general hostility toward men in the workplace. (SOF, ¶ 29.) Finally, Plaintiff testified that Zubek and Binner's alleged actions did *not* affect his ability to perform his work. (SOF, ¶ 31.)

### A. Plaintiff Cannot Establish That He Was Harassed "Because Of" His Gender.

While the protections of Title VII extend to cases of same-sex sexual harassment, such claims are only cognizable if "the conduct at issue was not merely tinged with offensive sexual connotations, but constituted discrimination *because of* sex." *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 561 (7th Cir. 2016) (emphasis supplied); *see also Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 82 (1998) (noting "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at '*discrimination* . . . because of . . . sex'"). In *Oncale*, the Supreme Court identified three methods of establishing that same-sex harassment

4

occurred "because of" the plaintiff's gender: (1) showing that the plaintiff received "explicit or implicit proposals of sexual activity," provided that he also comes forward with "credible evidence that the harasser was homosexual"; (2) showing that he was harassed "in such sex-specific and derogatory terms" so as to make it clear the harasser was motivated by a "general hostility to the presence" of one sex in the workplace; and (3) offering direct comparative evidence showing the harasser in a mixed-sex workplace treated one sex better than the other. *Id.* at 80–81. Plaintiff cannot succeed under any of these methods.

> **i. Plaintiff Cannot Prevail Under the First *Oncale* Method Because He Was Not Subjected to Explicit or Implicit Proposals of Sexual Activity and He Has Not Adduced Credible Evidence that His Alleged Harassers Were Homosexual**

While in opposite-sex harassment cases involving explicit or implicit proposals of sexual activity, it is reasonable to assume those proposals would not have been made to someone of the same sex, "the same does not hold true for same-sex harassment cases absent some evidence that the harasser was homosexual." *Lord,* 839 F.3d at 562; *see also Johnson v. Hondo,* 125 F.3d 408, 413 (7th Cir. 1997).

In *Lord,* the plaintiff alleged he was subject to a hostile work environment where his male co-workers engaged in conduct including teasing the plaintiff about his romantic interest in another employee, as well poking and slapping the plaintiff's buttocks and grabbing him between the legs. 839 F.3d at 560. The Seventh Circuit affirmed summary judgment for the defendant employer, holding "there is no evidence from which a trier of fact could infer that [plaintiff] was harassed *because of* his sex. Nothing suggests that [the alleged harasser] was homosexual, and [his] behavior was not so explicit or patently indicative of sexual arousal that a trier of fact could reasonably draw that conclusion." *Id.* at 562 (emphasis in original).

5

Similarly, in *Johnson v. Hondo*, the plaintiff alleged that he was subjected to a hostile work environment where one of his male co-workers, Ollie Hicks, frequently made comments to him such as "I'm going to make you suck my dick," "come down to the carwash and suck my dick," and "come across the street and suck my dick." 125 F.3d at 410 n.1. Hicks' comments were often accompanied by Hicks "touching himself as if masturbating through his clothes…within inches of the plaintiff's face." *Id.* The Court affirmed summary judgment for the defendant employer on plaintiff's hostile work environment claim, finding:

> Besides the sexual content of Hicks' remarks there is absolutely nothing in this record that supports a reasonable inference that the remarks were directed at Johnson on account of his gender. Although explicit sexual content or vulgarity may often take a factfinder a long way toward concluding that harassing comments were in fact based on gender…this need not necessarily be the case. Most unfortunately, **expressions such as…"suck my dick," are commonplace in certain circles and more often than not, when these expressions are used (particularly when uttered by men speaking to other men), their use has no connection whatsoever with the sexual acts to which they make reference…Ordinarily, they are simply expressions of animosity or juvenile provocation**, and there is no basis in this record to conclude that Hicks' usage was any different.

*Id.* at 412 (emphasis supplied).

The Court in *Johnson* gave little weight to the plaintiff's assertion that Hicks, the alleged harasser, was "very possibly" a homosexual and held that "no reasonable factfinder could conclude that Hicks directed his vulgar comments at Johnson because of his gender," rather, "it appears plain…that Hicks' remarks to Johnson were nothing other than vulgar provocations having no causal relationship to Johnson's gender as male." *Id.* at 413.

Notably, in *Shearrow v. Easton Enters.*, a case with a fact pattern nearly identical to the instant case, this Court granted summary judgment for the defendant employer on the plaintiff's hostile work environment claim. No. 11 C 50050, 2013 U.S. Dist. LEXIS 207926, at *45 (N.D. Ill. July 19, 2013). In *Shearrow,* the male plaintiff alleged that: (1) when he made a work-related

6

request for certain items, his male manager replied "maybe if you suck my dick you will get them a little quicker"; (2) his manager made "suck my dick" comments to plaintiff on a weekly basis for nearly 2 years; and (3) the manager said to the plaintiff "I will fuck you over so hard, you won't know what hit you and you will be gone." *Id.* at \*3-5. In granting the employer's motion for summary judgment, the Court found the plaintiff failed to advance adequate evidence showing he was harassed *because of* his sex because: (1) there was no evidence in the record that the manager or plaintiff were homosexual (indeed, they were both married to women); and (2) the manager's "suck my dick" comments were nothing more than unactionable "crude juvenile provocation[s]." *Id.* at \*27-28.

Likewise, in the instant case, no reasonable factfinder could conclude that Zubek and Binner's alleged conduct was directed at Plaintiff because of his gender. The alleged comments made by Zubek and Binner are akin to the statements in *Johnson* and *Shearrow,* such as "suck my dick" and "I will fuck you over so hard" and can be construed as nothing more than "expressions of animosity or juvenile provocation," which the Seventh Circuit and this Court have consistently held are insufficient to establish a hostile work environment claim. *Johnson*, 125 F.3d at 413; *Shearrow*, 2013 U.S. Dist. LEXIS 207926, at \*31-32. In fact, Plaintiff's testimony was clear that Zubek and Binner found their alleged conduct to be funny, which belies any suggestion that they were actually requesting sexual favors from Plaintiff. *See Shearrow*, 2013 U.S. Dist. LEXIS 207296, at \*31 (noting that if the plaintiff's manager "was actually requesting that plaintiff perform a sex act on him, it stands to reason that he would have given plaintiff an opportunity to comply.")

Moreover, Plaintiff's allegation that he had "suspicions" that Zubek may have had a romantic relationship with another male employee is even weaker than the *Johnson* plaintiff's allegation that his harasser was "very possibly a homosexual," which the Court deemed was "no

7

showing at all." *Johnson*, 125 F.3d at 413. Accordingly, Plaintiff cannot succeed under the first method of proof set forth in *Oncale*. 523 U.S. at 80.

> ii. **Plaintiff Cannot Prevail Under the Second *Oncale* Method Because He Admitted that Zubek and Binner Did Not Have a General Hostility to the Presence of Men in the Workplace**

Plaintiff has failed to establish that he was harassed in such "sex-specific and derogatory terms" so as to make it clear the harasser was motivated by a "general hostility" to the presence of men in the workplace. *Oncale,* 523 U.S. at 80. Indeed, at his deposition, Plaintiff testified that he did *not* believe that his alleged harassment was by Mario Zubek or Pete Binner was motivated by a general hostility toward men in the workplace. (SOF, ¶ 29.)

> **Q. Do you think that Mr. Zubek's alleged harassment of you was motivated by a general hostility towards men in the workplace?**
>
> A. I don't know what his – I don't believe he had a general hostility toward men at the workplace.
>
> **Q. Do you think that Mr. Binner's alleged harassment of you was motivated by a general hostility towards men in the workplace?**
>
> A. I don't believe that either, no.

(SOF, ¶ 29 and Exhibit A, pp. 150:3-12.)

Accordingly, Plaintiff's own testimony prevents him from prevailing under the second *Oncale* method.

> iii. **Plaintiff Cannot Prevail Under the Third *Oncale* Method Because Glendale Nissan Was Not a "Mixed-Sex" Workplace and Plaintiff Has Not Offered Direct Comparative Evidence Showing That Women Were Treated Better Than Men.**

If a plaintiff works in a "mixed sex" workplace, he may show that his harassment was "because of" sex if he is able to "offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Oncale*, 523 U.S. at 80-81. Plaintiff

8

cannot prevail under this method because: (1) Glendale Nissan was not a "mixed sex" workplace, and (2) even if it was, Plaintiff has failed to offer any direct comparative evidence that women were treated more favorably than men.

### a. Glendale Nissan Was Not a Mixed Sex Workplace

The case law is clear, and rooted in common sense, that where a work place is not a "mixed sex" workplace, a plaintiff cannot establish that his employer treated individuals of one gender better than the other. *See Johnson,* 125 F.3d at 413 n.6.

In *Johnson*, the Seventh Circuit found the plaintiff could not establish that his employer treated women more favorably than men because plaintiff worked in an "all-male environment." *Id.* The Court rejected the plaintiff's argument that his workplace was mixed-gender because female employees and visitors occasionally passed through the plaintiff's workplace, finding that all of the employees with whom the plaintiff and alleged harasser had "close and regular contact" were men. *Id.*; *see also Warner v. USF Holland Inc.*, No. 08-C-6823, 2012 U.S. Dist. LEXIS 8717, *11–12 (N.D. Ill. Jan 25, 2012) (finding that a single-gender workplace existed where plaintiff worked loading trucks, all truck drivers and dockworkers were men, and the only women who worked for the company worked in the billing department).

In the instant case, Plaintiff testified that at Glendale Nissan, like most automobile dealerships, the majority of employees were men. (SOF, ¶ 39.) Indeed, during the period that Plaintiff alleges he was subjected to harassment, more than 80% of the employees at Glendale Nissan were men. (SOF, ¶ 40.) Additionally, *all* of the employees employed in the sales and finance departments (the individuals with whom Plaintiff had close and regular contact) were men. (SOF, ¶ 41.) Finally, the alleged instances of harassment occurred in only two places – Plaintiff's

office (where only he and the alleged harasser were present) and at the sales tower, where only male employees worked. (SOF, ¶¶ 11, 15, 19, 42.)

Accordingly, because Glendale Nissan was not a "mixed-sex" workplace for purposes of Title VII, Plaintiff cannot prevail under the third *Oncale* method.

> **b. Even if Glendale Nissan Was a Mixed Sex Workplace, Plaintiff Has Failed to Offer Any Direct Comparative Evidence That Women Were Treated More Favorably Than Men**

Even if Glendale Nissan was considered a mixed-sex workplace, in order to succeed under the third *Oncale* method, Plaintiff must offer "direct comparative evidence" that his alleged harassers treated one sex better than the other. *Oncale,* 523 U.S. at 80-81. Importantly, a plaintiff's own assertion that he only saw his manager harass male employees and not female employees "***is not direct comparative evidence that [the manager] treated the sexes differently because it is equivocal.***" *Shearrow,* 2013 U.S. Dist. LEXIS 207926, at *34.

Here, Plaintiff has failed to offer direct comparative evidence that his alleged harassers treated women more favorably than men. Plaintiff's self-serving affidavit, which provides that he never personally witnessed Zubek or Binner harass female employees (SOF, Exhibit D) is insufficient as a matter of law. *Shearrow.,* 2013 U.S. Dist. LEXIS 207926 at *34 ("Plaintiff's own assertion that he only saw [his alleged harasser] harass male employees like himself …and that he never saw [him] harass a female employee, is not direct comparative evidence that [the harasser] treated the sexes differently"); *see also McCown v. St. John's Health Sys.*, 349 F.3d 540, 544 (8th Cir. 2003) (affirming summary judgment for employer on same-sex harassment claim where plaintiff offered an affidavit stating that he never knew of his harasser sexually harassing female employees in the workplace, holding "[plaintiff's] express absence of knowledge is not sufficient

10

to generate a jury question as to whether [the harasser's] conduct constituted 'discrimination…because of…sex'").

Importantly, Plaintiff has not proffered evidence that *any other* employee, male or female, was harassed, aside from him. Such allegations of "personal animus" toward a plaintiff are insufficient to establish a hostile work environment. *See Shafer v. Kal Kan Foods, Inc.*, 417 F.3d 663, 666 (7th Cir. 2005) (holding that plaintiff failed to establish that his alleged harassment "reflected more than personal animosity or juvenile behavior"); *Brown v. Advocate S. Suburban Hosp. & Advocate Health & Hosps. Corp.,* 700 F.3d 1101, 1105 (7th Cir. 2012) ("Title VII protects against discrimination, not personal animosity…") (internal quotations omitted).

Accordingly, because Plaintiff has failed to establish that he was subjected to harassment "because of his gender," his claim for a hostile work environment pursuant to Title VII fails and this Court should grant summary judgment for Defendant.

### B. The Alleged Harassment Was Neither Severe Nor Pervasive

In analyzing whether conduct is sufficiently severe or pervasive to establish a hostile work environment claim, courts look at several factors, including: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with an employee's work performance." *Faragher v. Boca Raton,* 524 U.S. 775, 787-788 (1998). In essence, the alleged harassment must be "so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment." *Id.* at 786 (internal citations omitted).

In the instant case, Plaintiff alleged that three of the four instances of harassment occurred on only one occasion. (SOF, ¶¶ 13, 15, 19.) Although Plaintiff alleges that Zubek's comments about "blow jobs" occurred "a couple of times a week" between January and mid-March of 2018

11

(although not once in the 21 months prior), such comments could not be construed as anything more than an "offensive utterance." *Faragher*, 524 U.S. at 788. Moreover, none of the alleged conduct that occurred was "physically threatening or humiliating," as Plaintiff himself admitted that Zubek and Binner laughed when making the alleged comments and "considered everything a joke." (SOF, ¶ 23); *see Moser v. Indiana Dep't of Corr.,* 406 F.3d 895, 903 (7th Cir. 2005) (affirming summary judgment for defendant on plaintiff's hostile work environment claim, finding that comments made of a sexual nature were made in the context of "jokes, as opposed to serious or threatening comments, [and thus] simply do[] not rise to the level of harassment our court has held actionable"); *Walton v. Van Ru Credit Corp.*, No. 10-344, 2011 U.S. Dist. LEXIS 138560, at *24 (N.D. Ill. Dec. 2, 2011) (granting defendant's motion for summary judgment, finding plaintiff's allegations of sexual harassment insufficient to constitute a hostile work environment where the plaintiff himself characterized the statements as "jokes, albeit jokes that went too far").

Indeed, the Seventh Circuit has found much more egregious behavior than that alleged by Plaintiff to be insufficient to meet the severe and pervasive requirement. In *Shafer v. Kal Kan Foods*, 417 F.3d 663, 665 (7th Cir. 2005), the plaintiff alleged that a male coworker harassed him both verbally and physically, including comments that the plaintiff's "cheerleader ass" "would look really nice on [his] dick;" forcing the plaintiff's face down to his clothed crotch while moving his hips to give the impression the plaintiff was performing fellatio; and grabbing the plaintiff's hand and miming the plaintiff masturbating him. The *Shafer* Court affirmed summary judgment for the defendant employer on the plaintiff's hostile work environment claim, noting that "sexual horseplay differs from sex *discrimination* and Title VII covers only discriminatory conduct. *Id.* at 666.

Finally, Plaintiff's claim also fails because he admitted that Zubek and Binner's alleged conduct did not interfere with his ability to perform his job. (SOF, ¶ 31); *see Walton*, 2011 U.S. Dist. LEXIS 138560, at *24 (granting defendant's motion for summary judgment where "there is no indication that [the alleged harasser's] comments interfered with [plaintiff's] ability to do his job"); *Berry v. Chicago Transit Authority*, 618 F.3d 688, 691-92 (7th Cir. 2010) (affirming summary judgment where plaintiff failed to show, among other things, that the defendant's conduct negatively affected her work performance).

Accordingly, for the additional reason that Plaintiff has failed to establish that the alleged harassment he suffered was either severe or pervasive, this Court should grant summary judgment for Defendant on Plaintiff's hostile work environment claim.

## **CONCLUSION**

Therefore, for the foregoing reasons, Defendant Glendale Nissan, Inc. respectfully requests that this Court enter judgment for Defendant on Plaintiff's Hostile Work Environment Claim (Count III of the Complaint) and grant such further relief as it deems just and equitable.

Dated: April 1, 2021                                  GLENDALE NISSAN, INC.

                                                      By:     */s/   Elizabeth M. Pall*
                                                               One of Its Attorneys

Ira M. Levin (ARDC No. 6192178)
Elizabeth M. Pall (ARDC No. 6306604)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611
(312) 840-7000
(312) 840-7900 (Fax)
4817-6801-6823

13

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that she caused copies of the foregoing Defendant's Memorandum of Law in Support of its Motion for Partial Summary Judgment as to Plaintiff's Title VII Hostile Work Environment Claim to be filed and served through the Court's CM/ECF electronic filing system on April 1, 2021.

*/s/ Elizabeth M. Pall*